THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

HONEST PAWS LLC,

    Plaintiff,

v.

FETCH FOR COOL PETS, LLC; FETCH FOR PETS, LLC, and STEVEN SHWEKY, an individual,

    Defendant.

Case No. _____

JURY DEMANDED

## COMPLAINT

Plaintiff HONEST PAWS LLC ("Plaintiff" or "Honest Paws") brings suit for trademark infringement and unfair competition against Defendants FETCH FOR COOL PETS, LLC, FETCH FOR PETS, LLC, and STEVEN SHWEKY (collectively, "Defendants" or "Fetch For Pets") and alleges as follows:

## THE PARTIES

1.    Plaintiff HONEST PAWS LLC is a Texas limited liability company with its principal place of business at 3027 Marina Bay Dr., Suite 305, League City, TX 77573.

2.    On information and belief, Defendant FETCH FOR COOL PETS, LLC is a New Jersey limited liability company with its principal place of business at 1407 Broadway – Suite 601, New York, NY 10018.  Although holding itself out as a New Jersey limited liability company, upon Plaintiff's investigation, FETCH FOR COOL PETS, LLC does not appear to be registered with the State of New Jersey and does not have a listed agent for service of process. The entity FETCH FOR COOL PETS, LLC is an apparently non-existent entity operated by and the alter-ego for its President, Defendant STEVEN SHWEKY.

COMPLAINT - 1

3.     On information and belief, Defendant FETCH FOR PETS, LLC is a New York limited liability company with its principal place of business 1400 Broadway - 26th Floor, New York, NY 10018.  Although holding itself out as a New York limited liability company, upon Plaintiff's investigation, FETCH FOR PETS, LLC does not appear to be registered with the State of New York and does not have a listed agent for service of process.  The entity FETCH FOR PETS, LLC is an apparently non-existent entity operated by and the alter-ego for its President, Defendant STEVEN SHWEKY, that filed a trademark application (U.S. Serial No. 88/108,852) for the proposed mark "Honest Paws" as alleged further in Paragraph 15 below.

4.     Defendant STEVEN SHWEKY is an individual, and based on information and belief, is and was at all times mentioned in this Complaint, a resident of Kings County, New York, and the President of non-existent entities FETCH FOR COOL PETS, LLC and FETCH FOR PETS, LLC.

5.     Plaintiff is informed and believes and based thereon alleges that each Defendant was the agent, alter-ego, joint-venturer, servant and employee of each other Defendant, and in performing the acts described in this Complaint, was acting in the scope of his or its authority with the consent of each other Defendant.  Each Defendant ratified and/or authorized the wrongful acts of each of the other Defendants.  The failure to hold each Defendant jointly and severally liable for the liabilities of each other Defendant in this action would result in an injustice and sanction a misuse of corporate form.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction under 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1338(a)-(b) and 1367(a), and all claims herein form part of the same case or controversy for purposes of supplemental jurisdiction.

7.     Venue is proper in this jurisdiction pursuant to 28 U.S.C. 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district, and a

COMPLAINT - 2

substantial part of property that is the subject of the action is situated here (the goodwill of the trademark), and for the reasons alleged below, because Defendants are subject to personal jurisdiction in this district and the State of Texas.

8. Personal jurisdiction exists over all Defendants because they purposefully directed their intentional and harmful conduct alleged below at this forum, causing harm to a Texas company, and purposefully availed themselves of the benefits of Texas with respect to the claims alleged herein. For example, Fetch For Pets, a has held itself out to have strong relationships with manufacturers in Houston, TX:[1]



---

[1] Fetch For Pets' Company Capabilities Deck, p. 8, available at http://profile.fetch4pets.com.

COMPLAINT - 3

9.      Fetch For Pets advertises and offers its products for sale nationwide and specifically to consumers within this district through its website www.fetch4pets.com, on Amazon.com, and through its key retail partnerships with national retail stores including the following:[2]



10.     Furthermore, Fetch For Pets has held itself out to have longstanding partnerships with major consumer packaged goods ("CPG") brands as well as up and coming leaders in the pet space, including the following Texas-based companies:[3]

        A.  CHI for Dogs – product line owned by Farouk Systems, Inc., a Houston, TX based company.

        B.  BIOSILK for Dogs – product line owned by Farouk Systems, Inc., a Houston, TX based company.

---

[2] *Id.* at 11.
[3] *Id.* at 13; *see also* https://www.fetch4pets.com/brands.

COMPLAINT - 4

11.     Thus, Defendants have purposefully availed themselves of the privileges and laws of Texas, and continuously, systematically, and purposefully conduct business within this state sufficient to establish personal jurisdiction over these Defendants.

## GENERAL ALLEGATIONS

### A.     Honest Paws' valuable and well-known HONEST PAWS mark

12.     Honest Paws develops, offers for sale, and markets dietary supplements and vitamins for pets under its U.S. registered trademark HONEST PAWS (U.S. Reg. No. 5,673,962) (the "HONEST PAWS Mark").  The goal of Honest Paws is to help pet owners and their pets create more precious memories and live longer, healthier, and happier lives together.

13.     U.S. Reg. No. 5,673,962 for the HONEST PAWS Mark includes goods in International Class 5, and covers "Dietary supplements for pets; Vitamins for pets."  Honest Paws is and, at all times relevant to the allegations in this Complaint, was the owner of the HONEST PAWS Mark.  The original Registrant of the HONEST PAWS Mark is Altva Holdings, LLC. A true and correct copy of U.S. Reg. No. 5,673,962 is attached hereto as **EXHIBIT A** and incorporated herein by reference.

14.     The HONEST PAWS Mark is inherently distinctive and a strong mark for the specified services.

### B.     Defendants' wrongful use of the HONEST PAWS Mark to capitalize on Plaintiff's goodwill

15.     On September 7, 2018, after the filing date of Honest Paws' trademark application for the HONEST PAWS Mark, an apparently non-existent entity called "Fetch For Pets, LLC" filed a trademark application (U.S. Serial No. 88/108,852) for the proposed mark "Honest Paws" for International Class 5 to cover "Deodorizing preparations for pet litter boxes; diapers for pets" and for International Class 8 to cover "Pet grooming tools, namely, scissors, hand-operated shears, nail clippers, nail files, and de-shedding tools in the nature of shedding blades."

16.     Fetch For Pets, LLC does not appear to exist as a New York limited liability company, even though it is stated in U.S. Serial No. 88/108,852 that it is a New York limited liability company.

COMPLAINT - 5

17. U.S. Serial No. 88/108,852 lists the same address as Fetch For Pets, LLC, and thus on information and belief, Defendants purport to own this trademark application.

18. On July 9, 2019, the U.S. Trademark Office suspended Defendants' trademark application because of a likelihood of confusion with the HONEST PAWS Mark. A true and correct copy of the USPTO's July 9, 2019 suspension letter is attached hereto as **EXHIBIT B**.

19. In or around July 2019, Honest Paws' CEO, Erik Rivera, contacted Fetch For Pets' President, Defendant Steven Shweky, via LinkedIn Messaging requesting Fetch For Pets cease and desist use of "Honest Paws" on Amazon. As noted in the correspondence, Fetch For Pets' use of the "Honest Paws" name on Amazon was causing "significant consumer confusion" for the Honest Paws brand and trademark.

20. Fetch For Pets refused to cease its unauthorized use of the HONEST PAWS Mark, standing only on its suspended trademark application. Fetch For Pets has been actively commandeering substantial business from Honest Paws by using the HONEST PAWS Mark without Honest Paws' permission. Defendants use the HONEST PAWS Mark on their deodorizing pet products without authorization (the "Infringing Products"), including the following:[4]



---

[4] *Id.* at 17.

COMPLAINT - 6

21. In addition, Defendants have commandeered Honest Paws' established seller page on Amazon.com, listing their Infringing Products under the HONEST PAWS Mark. For example, the first two listed products on the Honest Paws seller page below belong to Plaintiff (outlined in red). However, the five Infringing Products that follow belong to Defendants:[5]



22. On information and belief, Defendants are falsely using the Honest Paws brand on Amazon, in their product names, product listings, packaging images, and Amazon keywords that drive the Amazon search algorithm, all of which divert consumers searching for Plaintiff's products to Defendants' Infringing Products. Thus, Fetch For Pets is obtaining sales on Amazon based solely on Plaintiff's brand goodwill.

23. For example, as of July 12, 2019, the Honest Paws Amazon storefront was entirely commandeered by Fetch For Pets and leads only to its Infringing Products and seller page. Although the Honest Paws Amazon storefront is now under the control of Plaintiff,

---

[5] https://www.amazon.com/stores/node/19461229011?_encoding=UTF8&field-lbr_brands_browse-bin=Honest%20Paws&ref_=bl_dp_s_web_19461229011 (accessed on August 9, 2019).

COMPLAINT - 7

Defendants' actions have already resulted in consumer confusion.  Amazon cannot distinguish between the products, listing Defendants' Infringing Products under the Honest Paws seller page as demonstrated in Paragraph 21 above.

24. Moreover, a search for the branded keyword "Honest Paws" on Amazon results in Plaintiff's products listed in close proximity to Fetch For Pets' Infringing Products (outlined in red), causing consumer confusion and misappropriating the goodwill of the Honest Paws brand:



25. Although Honest Paws has control of the Honest Paws Amazon storefront, it is unable to create any new product listings under its Honest Paws' brand as permissions are currently and inappropriately associated with the other seller – Fetch For Pets.

26. Honest Paws owns the HONEST PAWS Mark throughout the entire United States for the goods listed in Exhibit A, and it is a valid, distinctive, and protectable trademark, and has priority of use over the HONEST PAWS Mark as to Defendants.

27. Defendants refused to respect any of the demands made in correspondence sent, which attempted informal resolution of these issues.

28. Defendants' actions are unauthorized, willful, and have led to consumer confusion.

COMPLAINT - 8

29. Defendants' actions siphon Honest Paws' goodwill and brand image, and have damaged Honest Paws' reputation and goodwill.

## FIRST CAUSE OF ACTION

## FEDERAL TRADEMARK INFRINGEMENT (HONEST PAWS Mark)

## (15 U.S.C. §§ 1114)

## (Against All Defendants)

30. Plaintiff incorporates by reference all other paragraphs contained in this Complaint as if stated herein.

31. Plaintiff's federal trademark registration (Exhibit A) gives it ownership and the exclusive right to use of the HONEST PAWS Mark for the listed goods throughout the entire United States, including online.

32. Honest Paws owns the HONEST PAWS Mark, which is a valid, distinctive, and protectable trademark.

33. Honest Paws has priority of use over the HONEST PAWS Mark as to Defendants.

34. Plaintiff also owns the exclusive trademark in the United States for HONEST PAWS as a result of its extensive use of the mark in commerce to brand its dietary supplements and vitamins for pets.

35. Plaintiff's mark is inherently distinctive and by virtue of extensive use and a deep pool of customers all across the United States has obtained market penetration in the entire United States.  Plaintiff has established secondary meaning throughout the entire geography and marketplace of the United States for use of the HONEST PAWS Mark with its well-known goods on www.honestpaws.com and Amazon.

36. Defendants have willfully and intentionally committed trademark infringement by using in commerce one or more marks or product names that are confusingly similar to the HONEST PAWS Mark to identify the goods of Defendants in a way that is likely to cause confusion, mistake, or deception as to whether Defendants have a connection with Honest Paws, or as to the origin, sponsorship, or approval of Defendants' Infringing Products:

   a. The mark used by Defendants is identical or virtually identical to the HONEST PAWS Mark, so as to be similar in sight, sound and appearance;

   b. The mark used by Defendants is for directly competitive goods of Plaintiff's goods offered at www.honestpaws.com and Amazon;

   c. Defendants have caused actual confusion between the marks on Amazon, as alleged herein; and

   d. Defendants knew of Plaintiff's HONEST PAWS Mark and attendant rights at all times, and by design their actions intended to trade off of Plaintiff's well-known HONEST PAWS Mark and reputation, by creating and exploiting consumer confusion.

37. As a direct and proximate result of the infringement complained of herein, Honest Paws has been damaged to an extent to be fully determined at trial. The circumstances warrant trebling of damages and an award of attorney's fees, including for the willful and deliberate acts of infringement by Defendants, pursuant to 15 U.S.C. § 1117(a).

38. Defendants' use of the HONEST PAWS Mark constitutes a counterfeiting use and infringement, entitling Plaintiff to treble damages and attorneys' fees under 15 U.S.C. § 1117(b), including because Defendants' use of HONEST PAWS was (1) made knowing its use of such mark was a counterfeit mark, and (2) in connection with the sale, offering for sale, and distribution of Fetch For Pets' competing goods.

39. Defendants' use of a counterfeit HONEST PAWS Mark was willful. Defendants' counterfeit use of the HONEST PAWS Mark entitles Plaintiff to statutory damages under 15 U.S.C. § 1117(c) in an amount up to $2 million for each type of good offered for sale by Defendants, pursuant to 15 U.S.C. § 1117(c).

40. Honest Paws is entitled to disgorgement of Defendants' profits as either a proxy of its own damages or unjust enrichment, in an amount to be fully ascertained upon proof at trial.

41. Honest Paws has been irreparably harmed by such acts in the future unless the Court enjoins Defendants from committing further acts of infringement.

## SECOND CAUSE OF ACTION

## FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

### (15 U.S.C. § 1125(a))

### (Against All Defendants)

42. Plaintiff incorporates by reference all other paragraphs contained in this Complaint as if stated herein.

43. Honest Paws owns the HONEST PAWS Mark, which is a valid, distinctive, and protectable trademark. Honest Paws has priority of use over the HONEST PAWS Mark as to Defendants.

44. Plaintiff also owns the exclusive trademark in the United States for HONEST PAWS as a result of its extensive use of the mark in commerce to brand its dietary supplements and vitamins for pets.

45. Plaintiff's mark is inherently distinctive and by virtue of extensive use and a deep pool of customers all across the United States has obtained market penetration in the entire United States. Plaintiff has established secondary meaning throughout the entire geography and marketplace of the United States for use of the HONEST PAWS Mark with its well-known goods on www.honestpaws.com and Amazon.

46. Defendants have willfully and intentionally committed trademark infringement by using in commerce one or more marks or product names that are confusingly similar to the HONEST PAWS Mark to identify the goods of Defendants in a way that is likely to cause confusion, mistake, or deception as to whether Defendants have a connection with Honest Paws, or as to the origin, sponsorship, or approval of Defendants' Infringing Products:

  a. The mark used by Defendants is identical or virtually identical to the HONEST PAWS Mark, so as to be similar in sight, sound and appearance;

  b. The mark used by Defendants is for directly competitive goods of Plaintiff's goods offered at www.honestpaws.com and Amazon;

  c. Defendants have caused actual confusion between the marks on Amazon, as alleged herein; and

    d.    Defendants knew of Plaintiff's HONEST PAWS Mark and attendant rights at all times, and by design their actions intended to trade off of Plaintiff's well-known HONEST PAWS Mark and reputation, by creating and exploiting consumer confusion.

47.    As a direct and proximate result of the infringement complained of herein, Honest Paws has been damaged in an amount to be fully ascertained upon proof at trial. The circumstances warrant trebling of damages and an award of attorney's fees, including for the willful and deliberate acts of infringement by Defendants, pursuant to 15 U.S.C. § 1117(a).

48.    Honest Paws is entitled to disgorgement of Defendants' profits as either a proxy of its own damages or unjust enrichment, in an amount to be further established upon proof at trial.

49.    Honest Paws has been irreparably harmed, and will continue to be irreparably harmed by such acts in the future unless the Court enjoins each defendant from committing further acts of infringement.

## THIRD CAUSE OF ACTION

## COMMON LAW UNFAIR COMPETITION

**(Against All Defendants)**

50.    Plaintiff incorporates by reference all other paragraphs contained in this Complaint as if stated herein.

51.    Defendants misappropriated Plaintiff's commercial advantage by using Plaintiff's trademark to promote, market, or sell products in direct competition with Plaintiff.

52.    In misusing Plaintiff's trademark, Defendants acted knowingly, wantonly, in bad faith and with intentional disregard for the rights of Plaintiff.

53.    The acts of Defendants were done without justification and for the wrongful purpose of injuring Plaintiff and its competitive position while unfairly benefiting Defendants.

54.    The acts of Defendants complained of above constitute common law unfair competition under state common law.

COMPLAINT - 12

55. Defendants' unlawful competition has caused and will cause loss, injury and damage to Plaintiff.

## JURY DEMAND

56. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Honest Paws demands the following relief:

1. A judgment in favor of Honest Paws and against Defendants on all counts;

2. Disgorgement of Defendants' profits as unjust enrichment, trebled pursuant to either 15 U.S.C. § 1117(a) or (b);

3. Disgorgement of Defendants' profits as a proxy of Plaintiff's damages, trebled pursuant to either 15 U.S.C. § 1117(a) or (b);

4. Actual and compensatory damages, trebled pursuant to either 15 U.S.C. § 1117(a) or (b);

5. Statutory damages for each counterfeit mark used in the amount of up to $2 million per type of good;

6. Restitution;

7. Exemplary and punitive damages;

8. Pre-judgment interest at the legally allowable rate on all amounts owed;

9. Attorney's fees under, among others, 15 U.S.C. §§ 1117(a) *et seq.* as an exceptional case or a case involving use of a counterfeit mark;

10. Costs of suit;

11. Preliminarily and permanent injunctive relief against each Defendant, their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them, from infringing, in any manner, Honest Paws' trademarks, including the HONEST PAWS Mark; and

12. Such other and further relief as this Court may deem just and proper to fully compensate or protect Honest Paws.

COMPLAINT - 13

Dated:  September 6, 2019

DUANE MORRIS LLP

By    /s/ *Thomas W. Sankey*
Thomas W. Sankey
State Bar No. 17635670
Federal I.D. 7329
twsankey@duanemorris.com
Cameron J. Asby
State Bar No. 24078160
Federal I.D. 2742509
cjasby@duanemorris.com
DUANE MORRIS LLP
1330 Post Oak Boulevard, Suite 800
Houston, TX 77056-3166
Tel.:  713.402.3900
Fax:  713.402.3901

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC
Andrew D. Skale (*pro hac vice* forthcoming)
adskale@mintz.com
Kathryn Lafferty Ignash (*pro hac vice* forthcoming)
klingash@mintz.com
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Tel.:  858.314.1500
Fax:  858.314.1501

**ATTORNEYS FOR PLAINTIFF HONEST PAWS LLC**

COMPLAINT - 14